IN this cause, upon these words in the testament of John Shermer, who died in 1775, ‘ I give to my wife the use and pro‘fits of my whole estate, both real and personal, during her na- ‘ tural life, and, after that is ended, my will and desire is, that ‘ the whole of my estate, exclusive of that already given my ‘wile, be equaly divided betwixt whoever my wife shall think ‘ proper to make her heir or heirs, and my loving brother Rich‘ard Shermer,’ a question was made, whether Anne Shermer, the wife of the testator, who died, a few days after him, in the same month, without making any disposition of her estate, took a fee simple in one half of the land devised, and a property in one half of the other estate bequeathed, to her? the plaintiff, who is heir of John Shermer, and next of kindred to him, claming the half, of which she had not the ownership, as he insists, but only power to dispose ; because, by her failure to exercise *160 that power, that half was undisposed, and consequently descended aud devolved upon him.
BY THE COURT, the 27 day of September 1792.
By the first section of Lyttleton’s tenures we learn, that, in .feoffments and grants, a fee simple, or the greatest property, in land is not conveyed to the taker, unless in the habendum after his name be inserted the words, ‘and to his heirs.’ but these words, notwithstanding the addition of them at that time was necessary, m those acts, to augment the estate, from an estate for life, which without them it would have been, to an estate of inheritance, do not import, a-i an ordinary reader might suppose, a transfer of any right to the heirs, indeed if he, to whom and to whose heirs, land is conveyed, make no disposition thereof, his heir will succeed to it. yet this is not because he was indicated by the word, ‘ heirs,’ in the deed of conveyance, fer where an inheritance is acquired, not by tralatitious act, as by estopel, disseisin, abatement, intrusion, &c. the heir, if no disposition be made of it, will succeed to it. it is because where the dying owner of an inheritance hath not appointed a successor, the law appointeth one for him : but he may prevent the hereditary succession, by act taking effect in his lifetime, e. g. by sale or gift, or not until after h,is death, e. g by appointment of a testamentary successor, of a haeres factus. the words, • to his heirs,’ therefore, even where they are requisite, are an autiphrasis :— they do not restrain the ancestor from disinheriting, but instead of that, making him absolute owner, impower him to disinherit, the heir, a grant to one and to his heirs, then, is, in effect, a grant of power, in popular language, to dispose, so that a grant to one if a power to dispose of lands, is a form naturally as apt to convey an inheritance, as a grant of the lands to him and to his heirs.
Accordingly in some formulae the word heirs is unnecessary, in a testament technical language is dispensed with, and may be supplied by the testators intention ; for if a man devise lands to one, TO GIVE, in this case a fee simple doth pass by the intent of the devisor. Cokes institutes, 1 vol. fol. 9. b. and more than a myriad of other examples to the same purpose may be quoted, a devise then to one to give, is equivalent to a devise to one and to his heirs, a devise to my wife, ‘ and to whomsoe ever she shall think proper to make her heir or heirs,’ is equivalent to a devise to my wife, c to give ;’ and consequently equivalent to a devise to my wife and to c her heirs.’ a devise in this form ‘ i make I.S. heir of my estate,’ or ‘ i will that I.S. < inherit my estate,’ hath been adjudged in a multitude of cases, *161 without an exception, to convey a foe simple ; for, although, if I. S. be not he, whom the law denominateth the heir, the testator can no more make him heir th m he can change the law, yet his intention being manifest, that I. S. should have the same, interest in the estate, as if the characters of an heir were verified in him, the meaning of technical words, which would effectuate that intention, is transfused into the inartificial wirds by which the testator declared it. in like manner in a devise to my wife, with this addition, ‘ and my desire is that, after her ‘ death, the estate shall go to the heir or heirs whom she shall ‘ think proper to make,’ the intention being manifest, she should have such-a right and power that he to whom she should think proper to give the estate, or dispose of it otherwise, should have the same interest in it, as if he were in law her heir, or, if she should make no disposition, that her heir should succede to it, whether she should give or dispose of it, or suffer it to descend, being a matter unimportant to the testator or his family, to the testators inamficial words shall be attributed the meaning of those technical words by which his desire will be accomplished, that is, it shall be a devise to the wife and to her heirs.
Now the words of John Shermer’s testament, being ‘ i give * to my wife the use and profits of rny whole estate, during tier ‘life, and after that is ended, ilion my will and desire is, that ‘the whole of my estate be equaly divided betwixt whoever mf ‘wife shall think proper to make her heir or heirs, and iny brd- ‘ ther Richard Shermer this devise, if for some terms in it b.e substituted the equivalent terms, being read thus: ‘ i give to tny ‘ wife the use and profits of my whole estate, during her natu- ‘ ral life, and, after that is ended, my will and desire is, that the ‘ whole of my estate be eqnaly divided between my wif'es heirs, ‘and my brother Richard Shermer,’ would unquestionably have conveyed a fee simple in one half of the lands, aud an absolute properly in one half of the other estate to the wife ; and such ought to be the operation of the testators own words, unless it be interdicted by the gift to her for life, if this be relied upon, two answers are given,to it, either of which is sufficient to obviate the objection, if it deserve that appellation ; 1, that where an estate for life is given to one, and afterwards in the same conveyance the estate is given to the heirs of the donee, the donee takes the inheritance immediately. Cokes institutes f vol. fid. 22. b. and, by like reason, where an estate for life is devised to one, and afterwords in the same testament the donee is impowered to make an heir of the estate, the donee takes the inheritance immediately. 2, that in the devise to the wife, the words, ' during her natural life,’ ought not to be applied to that moiety *162 Of his estate which the testator designed for her heir or heirs, because a power to dispose, or to make an heir of the moiety, which she undeniably had, and an inheritance or property in the moiety, being synonymous terms, the words, ‘ during her ‘life,’ can have no effect upon her right to that moiety, which was greater than an estate during her life, but ought to be confined to that moiety, which was designed for his brother, and in which her interest would cease with her life, so that the devise ought to be expounded as if it had been written thus : ‘ i give' ‘one half of my estate to my wife, and to whomsoever she shall ‘ think proper to make her heir or heirs, that is, i give one half ‘ of my estate to her and to her heirs, and i give the other half' ‘of it to her during her life only, and, after her death, to my ‘ brother Richard Shermer.’
This exposition of the testament fulfilleth the intention of ■him who made it, to divide, after the death of his wife, his estate between their two families equaly.
Dismiss the bill as to the moiety of the estate whereof the wife had a power to dispose.
This dismission was affirmed upon an appeal.*

 [“ It was proved that the testator frequently said, he would leave his wife «ne-half of his estate to dispose of as she should please, and that most of his-«stale was acquired by his inter marriage with her.” The Court of Appeals,, however, say, that “ upon a view uf the will, the intention is apparent.” &c.j ,and “their relative situation and his prior declarations only shew such intention <o be liberal and just.” 1 Wash. 266, 272. — Ed.]